# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **MARIE M. NARCISSE,** *as Temporary Administrator of the Estate of Ashia Narcisse, deceased, and as Guardian of Fhabian Fernandez and Isaiyah Fernandez, the minor children of Ashia Narcisse,*<br><br>*Plaintiff,*<br><br>v.<br><br>**GENESYS HEALTH ALLIANCE f/k/a SOUTHERN CORRECTIONAL MEDICINE,** *et al.,*<br><br>*Defendants.* | **CIVIL ACTION NO.**<br>**5:23-cv-00510-TES** |

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

On August 1, 2025, the Court granted in part Plaintiff's First Motion for Leave to File an Amended Complaint and Add Parties [Doc. 29], but ultimately denied Plaintiff's attempt to add Houston County, Georgia as a party for purposes of liability under the Americans with Disabilities Act and the Rehabilitation Act. *See* [Doc. 36]. Following the Court's Order [Doc. 36], Plaintiff filed a Motion for Reconsideration [Doc. 37].

### LEGAL STANDARD

Under Local Rule 7.6, "[m]otions for reconsideration shall not be filed as a matter of routine practice" and are not intended to provide an opportunity for the moving

party "to instruct the [C]ourt on how [it] 'could have done it better' the first time." LR 7.6, MDGa; *Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), *aff'd*, 87 F.3d 1242 (11th Cir. 1996). Such motions are appropriate only if the movant demonstrates that "(1) there has been an intervening change in the law, (2) new evidence has been discovered that was not previously available to the parties at the time the original order was entered, or (3) reconsideration is necessary to correct a clear error of law or prevent manifest injustice." *Bryant v. Walker*, No. 5:10-CV-84, 2010 WL 2687590, at *1 (M.D. Ga. July 1, 2010) (quoting *Wallace v. Ga. Dep't of Transp.*, No. 7:04-cv-78, 2006 WL 1582409, at *2 (M.D. Ga. June 6, 2006)). A motion for reconsideration may not be used to relitigate old matters or reargue settled issues. *See id.*; *Smith v. Ocwen Fin.*, 488 F. App'x 426, 428 (11th Cir. 2012).

## DISCUSSION

In her Motion, Plaintiff asks the Court to revisit its decision in consideration of Judge Treadwell's decision in *Lange v. Houston County*, 499 F.Supp.3d 1258 (M.D. Ga. 2020). *See* [Doc. 37]. For starters, Plaintiff neither cited nor argued *Lange* in her initial Motion. [Doc. 29]. In her Reply [Doc. 35], Plaintiff relegates this "highly relevant case" to a single string cite in a footnote. [Doc. 35, p. 6]. Regardless, the Court is not convinced that *Lange* applies quite the way Plaintiff hopes it does.

Plaintiff asserts that *Lange* "involved a very similar 'joint venture' between the Sheriff of Houston County and Houston County itself with respect to the provision of

medical care . . . [.]" [Doc. 37, p. 2]. Plaintiff now relies on *Lange* to urge this Court to break new ground and recognize for the first time that the Sheriff's Office and the County have taken joint responsibility for the provision of medical care to inmates, meaning that Houston County would now potentially be subject to liability under the Americans with Disabilities Act (ADA) and the Rehabilitation Act (RA) for inmate medical care. [Doc. 37, p. 2]. Of course, if this were to be true, then the other 158 counties in Georgia would also be exposed to an entirely new area of liability. As explained below, the Court declines the Plaintiff's invitation to so greatly alter the legal landscape for Georgia's counties.

First, Judge Treadwell's order never characterizes the relationship between Houston County and the Houston County Sheriff's Office as a "joint venture." Critically, *Lange* is focused primarily on the relationship between Houston County and the Houston County Sheriff's Office and any potential liability as *employers*. In fact, *Lange* had nothing at all to do with the Sheriff's provision of medical care to inmates. Rather, that case dealt with the County's exclusion of sex reassignment surgery to a transgender deputy. In *Lange*, the court correctly identified that "'[w]here the employer has delegated control of some of the employer's traditional rights, such as hiring or firing, to a third party, the third party has been found to be an 'employer' by virtue of the agency relationship.'" 499 F.Supp.3d at 1273 (citing *Williams v. Montgomery*, 742 F.2d 586, 589 (11th Cir. 1984)). And in *Lange*, the relevant issue was that the Houston County

3

Sheriff's Office had chosen to delegate the provision of healthcare benefits to the County.

However, the relevant issue in the instant case is quite different. Plaintiff has not and cannot allege facts to indicate that Houston County is responsible for the medical care of inmates held at the Houston County Detention Center. Plaintiff's only argument in support of a finding for a joint venture between Houston County and the Houston County Sheriff's Office is the fact that the medical provider would "submit a bill to Houston County Detention Center, who would submit the bill to Genesys, and Genesys would submit the bill to the Houston County Sheriff's Office and then Houston County Board of Commissioner[s] would pay Genesys." [Doc. 35, p. 3]. Plaintiff also attempts to insinuate that because the contract for the provision of medical services is between Southern General Correctional Medicine (now Genesys) and Houston County and signed on behalf of the County by Sheriff Cullen Talton, there is a basis to assume that a joint venture exists between Houston County and the Houston County Sheriff's Office. [*Id.*]. However, as discussed in the Court's previous Order on this very subject [Doc. 36], policies related to medical care in a county jail are under the exclusive policy purview of the county sheriff as a matter of Georgia law. *See Brooks v. Wilkinson Cnty., Ga.*, 393 F. Supp. 3d 1147, 1157–61 (M.D. Ga. 2019). The mere fact that Houston County processes the paperwork and ultimately foots the bill for the Sheriff's Office simply fails to support a finding of a joint venture, and nothing in *Lange* indicates otherwise. In fact, as

discussed in *Lange*, state law requires that "each county in Georgia bears the major burden of providing funds to the sheriff's office . . .[,]" and furthermore that counties may not dictate how the funds are spent. *Pellitteri v. Prine*, 776 F.3d 777, 782 (11th Cir. 2015).

Plaintiff's factual scenario is vastly different than the issue in *Lange* where the Plaintiff received healthcare benefits as an employment benefit of his job at Houston County Sheriff's Office where the Sheriff's Office had delegated its obligation to the County to provide the Sheriff's Office employees with fringe benefits and other essential employer functions. *Lange*, 499 F.Supp.3d at 1264. Plaintiff's comparison between *Lange* and the case at hand misses the mark and fails to persuade the Court to change its mind.

Based on the foregoing, the Court **DENIES** Plaintiff's Motion for Reconsideration [Doc. 37].

**SO ORDERED**, this 25th day of August, 2025.

*S/ Tilman E. Self, III*

**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
